**Clair COOK, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant– Appellee.**

**No. 00–6111.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2001.

**14**

Clair Cook, Queens, NY, pro se.

Carolyn Lisa Miller, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, Eastern District of New York, Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys, of counsel, Brooklyn, NY, for appellee.

Present STRAUB, SOTOMAYOR, Circuit Judges, and AMON, Judge.*

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby REVERSED and the case REMANDED to the District Court with instructions that the matter be remanded to the Commissioner to develop the record.

Appellant Clair Cook ("Cook") appeals from a judgment entered in the United States District Court for the Eastern District of New York affirming the Social Security Administration's ("SSA") denial of disability insurance benefits.

Cook applied for disability insurance benefits on March 29, 1996 alleging that she had been unable to work since January 30, 1991, due to mental and back problems. The SSA determined that Cook was not entitled to benefits. Cook requested a hearing by an Administrative Law Judge ("ALJ") and was represented by counsel in a January 14, 1997 hearing. Although Cook's treating physician, Dr. S. Gohar, concluded that Cook was disabled, the ALJ found that this conclusion was not supported by his records, clinical findings or other evidence during the relevant time period before March 31, 1994, the date her insured status expired. The ALJ concluded that Cook retained the residual functional capacity to return to her past work on March 31, 1994. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Cook's request for review on August 28, 1998. On August 3, 1999, the District Court affirmed the Commissioner's determination that Cook was not disabled and granted the Commissioner's motion for judgment on the pleadings.

■ In reviewing the denial of Social Security benefits by the Commissioner, this Court conducts a plenary review of the administrative record. We "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir.1998).

■ An ALJ, however, "cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir.1999). There was such a gap in this case. In 1997, Dr. Gohar, Cook's treating physician since 1987, submitted a one page boiler-plate letter stating that Cook could not return to her past work and that she was unable to perform other full-time work because of "total" limitations. Dr. Gohar also submitted an evaluation of her residual functioning capacity in 1996 that corresponded with this assessment. The ALJ rejected Dr. Gohar's assessment as to the period before March 31, 1994 because he found that "Dr. Gohar's assessments are not consistent with the clinical and laboratory findings included in the records of his treatment." In short, the ALJ found that the medical records provided did not indicate that her conditions prevented her from performing her past relevant work on or before March 31, 1994. Cook submitted evidence from 1991 and 1992 documenting her back and neck pain resulting from a car accident and her treatment for depressive disorder. Cook also submitted assessments by other physicians finding that she is unable to perform a full range of sedentary work, but the ALJ noted that those opinions were made well after Cook met the earnings requirement. None of those additional opinions indicated they were retroactive to 1994. Notably, however, Dr. Gohar's 1997 assessment leaves blank the date he believes her total disability to have

begun. Dr. Gohar's September 21, 1996 evaluation of her residual functioning capacity also provides no indication of when her disability began to limit her capacity to perform work.

A further inconsistency arises from Dr. Gohar's varying statements about his support of Cook's foster care application. In 1994, Dr. Gohar completed a foster/ adoptive parent medical form, in which he stated that Cook did not have a psychiatric/ behavior disorder and that it was his general impression that Cook's health was excellent. The ALJ relied upon this form in rejecting Dr. Gohar's more recent assertions that Cook was, in fact, disabled. In her application for review of the ALJ's decision before the Appeals Council, Cook submitted an additional letter, dated April 7, 1997, by Dr. Gohar. Dr. Gohar explained that he believes that Cook suffers "from deep seated reactive Depression and should be considered totally disabled." Dr. Gohar acknowledged his statement on her foster care application, but explained that he "suggested and helped her for foster parenting back in 1994 ... [i]n hoping that taking care of a child might help her to be functional ..." The Appeals Council considered this new evidence but found that the decision of the ALJ was supported by substantial evidence.

■ Given Cook's 1991–92 history, the lack of clarity in the record as to the period covered by Dr. Gohar's 1996 and 1997 assessments, and the discrepancy between those assessments and Dr. Gohar's 1994 evaluation, the ALJ should have directed Cook or her attorney to ask Dr. Gohar to clarify whether his later assessments of Cook's condition apply to the relevant time period and the clinical basis for those assessments, and to explain any inconsistencies between these evaluations and his earlier evaluation of her. *See Rosa*, 168 F.3d at 80; *Hartnett v. Apfel*, 21

F.Supp.2d 217, 221–22 (E.D.N.Y.1998). Once Dr. Gohar submits this information, the ALJ should reweigh all of the evidence including the other physicians' assessments of the disabling condition after 1996. *See Arnone v. Bowen,* 882 F.2d 34, 39 (2d Cir.1989) (evidence regarding a claimant's condition after the period for which the claimant is seeking disability can be relevant to the question of whether the claimant was disabled prior to the date last insured).

We believe a remand to the Commissioner for further development of this evidence is appropriate. Accordingly, we vacate the decision of the District Court with instructions to remand the matter to the Commissioner for further proceedings consistent with this opinion. Once Dr. Gohar submits additional information, the ALJ should reweigh all of the evidence, including Dr. Gohar's 1997 letter explaining his statements on Cook's foster care application. In so doing, however, we express no view on the merits of the appellant's claim for benefits.